**Ross BRUNNER, Appellant,**

**v.**

**John E. SMITH, Appellee.**

**No. 6128.**

Court of Civil Appeals of Texas,
El Paso.

May 5, 1971.

Rehearing Denied June 2, 1971.

Stubbeman, McRae, Sealy, Laughlin & Browder, Midland, of counsel, Rush Moody, Jr., Midland, for appellant.

Kerr, Fitz-Gerald & Kerr, Midland, of counsel, L. Lloyd MacDonald, Midland, Watkins, Ryan & Hamilton, Anthony Hamilton, Houston, for appellee.

## OPINION

PRESLAR, Justice.

This is a suit on a promissory note brought by the assignee of the payee against the two makers thereof. Summary Judgment was rendered against both makers after one, Newton Steele confessed judgment, and the other, Ross Brunner, contested the motion for Summary Judgment of the assignee-holder, John E. Smith. Brunner appeals. We affirm.

Steele and Brunner executed the note in the principal amount of $11,238.24, payable to the First National Bank of Midland, Texas, and before it was due, it was assigned by the bank to John E. Smith upon his payment of the principal sum plus interest accrued to the date of assignment. Smith then brought this suit when the note became delinquent.

Brunner's contest of the entry of Summary Judgment against him is based on the fact that there was collateral pledged to secure the note, and he asserts that he is entitled to certain benefits, or has certain rights, because the note he signed was secured by collateral. The note states on its face, "Secured by: Renewal * * *

Bank holds stocks valued at $30,000.00 that protects." The bank did hold such stocks in its possession and they were shown to Brunner at the time he signed the note. Smith says that he had the use of the stocks, that he held them for their true owner, and that he delivered them to Steele to be used as collateral. The stocks were delivered to Smith by the bank when he purchased the note. The essence of Brunner's position is that he is not asserting his discharge, but instead seeks only to have his liability on the note reduced by the value of the collateral security. He seeks relief under rules of the common law and provisions of the Uniform Commercial Code, which is Vernon's Texas Codes Annotated, Business and Commerce Code, Acts of 1967, Chapter 785 (hereinafter referred to as the Code, or the Uniform Commercial Code).

Brunner's three assignments of error on Appeal are in substance, that (1) fact issues exist concerning the credit to be given upon disposition of the collateral security, (2) Plaintiff failed to justify his appropriation of the collateral security without allowing credit for the value thereof, and (3) the Court erred in allowing judgment for the full amount of the note without regard to the value of the collateral security pledged to secure its payment.

Appellant does not contest his liability on the note. He admits that, and he says that he fully recognizes the legal import of his contract of accommodation as spelled out in Section 3.415 of the Code. He asserts that his status as an accommodation party, can be established under Paragraph (c) of Section 3.415, since he is not seeking discharge, but instead seeks only to have his liability on the note reduced by the value of the collateral security. We hold that he is a maker, and as such maker, he has no right to look to the pledged collateral, in which neither he nor his co-maker had any interest or claimed any title. This because of the provisions of the code, as will be discussed:

Because the Code is not exclusive, but is said to be cumulative of other provisions of the law, both parties cite and rely on non-Code cases. We deem it unnecessary to discuss those cases, because of our determination that this case is controlled by Code provisions, and we would have to engage in a useless exercise of assuming something contrary to our holding to bring such cases into play.

 Appellant contends that he co-signed the note as an accommodation for which he received nothing, that he would not have signed the note had it not been secured by the pledged property; the Appellee, and now holder of the note, supplied the collateral, but now has taken the collateral to his own use, while obtaining judgment against Appellant for the full amount of the note. This, says Appellant, is eating your cake and having it too. The equities of such a situation are sufficient to provoke sympathy, but do not constitute a legal defense to the liability Appellant assumed in signing the written instrument. Appellee signed nothing, he simply supplied property in his control which was delivered to the payee Bank. His position is that of a pledgor. He accommodated the maker with the use of such property. Appellant signed the note as a maker, there is nothing on the face of the note to the contrary. He contracted as a principal, signing a note which recited, "I, we, or either of us promise to pay * * *" Parties to a negotiable instrument are generally held to be liable in the capacity in which they sign the instrument. Reed v. Buck, 370 S.W.2d 867, (Tex.Sup.Ct.1963) Section 3.415 of the Code provides, under "Contract of Accommodation Party":

"(a) An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it."

"(b) When the instrument has been taken for value before it is due, the accommodation party is liable in the capacity

in which he has signed even though the maker knows of the accommodation."

"(e) An accommodation party is not liable to the party accommodated and if he pays the instrument, has a right of recourse on the instrument against such party."

As a maker, Appellant was accommodated by the pledge of the collateral, he has no rights against the one who so accommodated him. His liability on the note has not been increased by the pledgor retaking his pledged property. For, had Appellant paid the note to the original payee, the Bank, the property would have been released from the pledge and it only could have been returned to its rightful owner. The fact that Appellee is now the holder of the note and stands in the position of the Bank, does not alter that situation. It does not allow Appellee to have his cake and eat it too.

The judgment of the trial court is affirmed.